| 24 | 101 |
|----|-----|
| 92 | 152 |

</div>

MARIA L. PLATZ, RESPONDENT, *v.* THE CITY OF COHOES, APPELLANT.

*Negligence of a city in the care of its streets — one traveling on Sunday may recover damages for injuries sustained — when a traveler is not responsible for the negligence of the driver.*

This action was brought by the plaintiff, a married woman, to recover damages for injuries sustained by her by reason of her being thrown from a carriage driven by her husband in one of the streets of the city of Cohoes on a Sunday evening. The accident was alleged to have been occasioned by the negligence of the defendant in allowing a heap of earth to be thrown upon and left unguarded in the street.

*Held,* that the court properly refused to nonsuit the plaintiff on the ground that she met with the accident while violating the Sunday law, in traveling on that day for a purpose other than "charity or necessity."

That the court properly charged that the plaintiff was not responsible for any carelessness on the part of her husband in driving, unless she did some act encouraging it.

APPEAL by the defendant from a judgment in favor of the plaintiff entered upon a verdict, and from an order denying the defendant's motion for a new trial upon the minutes.

The action was brought to recover for injuries sustained by the plaintiff, a married woman, in being overturned while riding in a

carriage driven by her husband in the streets of Cohoes, on Sunday evening, October 24, 1875. The overthrow of the carriage was caused by a heap of dirt thrown up by the water commissioners in excavating for the purpose of repairing a leak in the water-pipe on Remsen street, upon which the plaintiff's husband drove his horse and wagon, in the absence of lights on the barricade surrounding the heap of dirt and the excavation.

*G. L. Stedman,* for the appellant.

*R. W. Peckham,* for the respondent.

BOCKES, J.:

The facts of this case are such, as we think, that it could not have been properly taken from the jury and decided by the court. Indeed the appellant's counsel does not so insist, except as to the husband's alleged contributory negligence, which comes before us for consideration as a question of law on the exception to the ruling of the judge on that subject. The two points urged on this appeal are (1), that the plaintiff should have been nonsuited on the ground that she met with the accident while violating the Sunday law, in traveling on the Sabbath for a purpose other than "charity or necessity," and (2) that the court erred in holding as matter of law that negligence of the husband who was driving the horse attached to the vehicle from which the plaintiff was thrown, although it may have contributed to the injury, would not bar her action. As to the first question, it seems to be settled against the appellant in *Carroll* v. *The Staten Island Railroad Company* (58 N. Y., 126, 132), and in *Wood* v. *Erie Railway Company* (72 id., 196), see remarks of MILLER, J., on p. 200. In *Bertholf* v. *Reilly* (8 Hun, 16) it was held that the sending out of the horse on Sunday by the plaintiff did not deprive him of his action for an unlawful injury to the property. This ruling was approved in this case on appeal (74 N. Y., 509). See remarks of ANDREWS, J., last paragraph on p. 525; see also *Baldwin* v. *Barney* (12 R. I., 392). Whatever may be the law in some other of the States, in this State the question seems to be determined by the decisions above cited.

The court charged the jury that the plaintiff was not responsible for carelessness on the part of her husband in driving, unless she did some act encouraging the carelessness, and declined to charge the contrary of this proposition. In these rulings we are of the opinion the learned judge was right. They are sustained by abundant authority, conceding that the plaintiff was to be deemed a mere passenger. (*Perry* v. *Lansing*, 17 Hun, 34; *Robinson* v. *N. Y. C. and H. R. R. R. Co.*, 66 N. Y., 11; *Dyer* v. *Erie R. Co.*, 71 id., 228.) The defendant's counsel endeavors to bring this case within the decisions in *Harris* v. *Uebelhoer* (75 N. Y., 169) and in *Beck* v. *East River Ferry Co.* (6 Rob., 82). But these cases were decided on the ground that the parties upon whom negligence was charged were engaged in a joint enterprise, or were so connected in their action as that it was the joint product or performance of both.

Such is not this case. This case is very much the same as that of Robinson, above cited. There the plaintiff at the time of the injury was riding with another person upon the latter's invitation. There, as here, the plaintiff had no control over the driver of the vehicle. Judge CHURCH there says: "The plaintiff had no control of the vehicle nor of the driver in its management. It is not claimed but that Conlon was an able-bodied, competent person to manage the establishment, nor that he was intoxicated or in any way unfit to have charge of it." The learned judge adds: "Upon what principle is it that his negligence is imputable to the plaintiff? It is conceded that if by his negligence he had injured a third person, she would not be liable. She was not responsible for his acts and had no right and no power to control them. True she had consented to ride with him, but as he was in every respect competent and suitable, she was not negligent in doing so."

This reasoning well applies to this case and fully sustains the rulings of the learned judge here under examination. The order and judgment appealed from must be affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order affirmed, with costs.